UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

|  | |
|---|---|
| In Re:<br><br>STEPHEN BATTISTA<br><br>Debtor. | **NOTICE OF PRESENTMENT TO<br>VACATE THE AUTOMATIC STAY**<br><br>Case No.: 11-41471-ess<br>(Chapter 7)<br><br>Assigned to:<br>Hon. ELIZABETH S. STONG<br>Bankruptcy Judge |

PLEASE TAKE NOTICE that an order will be presented for signature to the Honorable Elizabeth S. Stong at Chambers, 271 Cadman Plaza East, Courtroom 3585, Brooklyn, NY 11201 on the 17th day of June, 2011. The proposed order will seek to vacate the automatic stay imposed by 11 U.S.C. §362 (d)(1) and (d)(2) with regard to the premises commonly known as 824 VAN DUZER STREET, STATEN ISLAND, NY 10304; a copy of which order is annexed hereto.

If you have good reason to object to the granting of the proposed order, you must do so in writing and at least Seven (7) days before the order is to be signed. You must serve the undersigned and all other entities to whom this motion has been noticed, as indicated below, with a copy of your objections stating the legal grounds and the facts which establish the reasons for your objections. The objections shall identify the motion to which they are addressed by name of moving party, date of the hearing, relief sought by the motion, and by title, caption, and index number of the case in which the motion is made. Within the same time you must also file with the clerk of the Court the original of your objections together with proof by affidavit, admission, or otherwise that copies have been properly served. If no proper objections are timely filed and served and if the judge is satisfied from the application that the moving party is entitled to the relief sought, the order may be signed without a hearing. If proper objections are timely filed and served, a hearing will be held before the Court at 271 Cadman Plaza East, Courtroom 3585, Brooklyn, NY 11201 at such a date and time as the Court schedules. If no objections are filed, the Court may sign the order without further proceedings, or may direct that the hearing be held notwithstanding the absence of objections.

DATED: May 19, 2011
Amherst, New York

Yours, etc.

By: _David A. Haefner_
David A. Haefner, Esq.
STEVEN J. BAUM, P.C.
Attorneys for Secured Creditor
Wells Fargo Bank, N.A.
Office and Post Address:
220 Northpointe Parkway, Suite G
Amherst, NY 14228
Telephone 716-204-2400

TO:

Stephen Battista — Debtor
824 Van Duzer St
Staten Island, NY 10304

GREGORY A FLOOD, ESQ. — Attorney for Debtor
Law Offices of Gregory A Flood
900 South Ave - Ste 300
Staten Island, NY 10314-3428

GREGORY MESSER, ESQ. — Chapter 7 Trustee
26 Court Street, Suite 2400
Brooklyn, NY 11242

U.S. Trustee
271 Cadman Plaza East
Suite 4529
Brooklyn, NY 11201

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

In Re:

    Stephen Battista

                    Debtor

Chapter 7
Case No 11-41471-ess

## AFFIRMATION IN SUPPORT OF AN APPLICATION FOR THE ENTRY OF ORDER PURSUANT TO BANKRUPTCY CODE SECTIONS 362(c)(4)(A)(ii) and 362(j)

David Haefner, Esq., an attorney duly admitted to practice before the United States Bankruptcy Court for the Eastern District of New York, states the following under the penalty of perjury:

1. I am an attorney duly licensed to practice law in the Courts of this State and in the United States Bankruptcy Court for the Eastern District of New York.

2. I am an associate with Steven J. Baum, P.C., attorneys for Wells Fargo Bank, NA, (the "Secured Creditor"), the Secured Creditor of Stephen Battista ("the Debtor") by virtue of being the holder of a Note and Mortgage dated October 26, 2005 secured by the real property commonly known as 824 Van Duzer Street, Staten Island, New York 10304 (the "Mortgaged Premises"). Attached hereto as **Exhibit 'A'** is a copy of the Note and Mortgage.

3. I submit the within Affirmation in Support seeking the of entry of the annexed proposed Order declaring that the automatic stay has not gone into effect upon the filing of the instant case as the instant case represents the third bankruptcy pending for the Debtor in a period of less than one year wherein the two prior filings were pending for the Debtor and were both dismissed.

1

## BACKGROUND

4. On July 19, 2010, the Debtor filed for relief under Chapter 13 of the Bankruptcy Code in the Eastern District of New York (the "First Filing"). The First Filing was assigned Case Number 10-46805-ess by the Clerk of the Court and said case was subsequently dismissed on September 30, 2010 upon request of the clerk's office for deficiencies under 11 U.S.C. §521(a)(l). A copy of the PACER docket for the First Filing is annexed hereto as **Exhibit "B."**

5. On September 30, 2010, the Debtor filed for relief under Chapter 13 of the Bankruptcy Code in the Eastern District of New York, for a second time (the "Second Filing"). The Second Filing was assigned case number 10-49333-ess by the Clerk of the Court, and said case was subsequently dismissed on March 8, 2011, upon motion of the trustee. A copy of the PACER docket for the Second Filing is annexed hereto as **Exhibit "C."**

## THE INSTANT BANKRUPTCY FILING

6. On February 25, 2011, the Debtor filed a voluntary petition under Chapter 13 of the Bankruptcy Code (the "Instant Filing"). As explained further below, the automatic stay pursuant to § 362(a) does not take effect within the instant bankruptcy case.

## THE AUTOMATIC STAY IS NOT IN EFFECT

7. 11 U.S.C. § 362(c)(4)(A)(i) of the Bankruptcy Code provides in pertinent part that:

> if a single or joint case is filed by or against a debtor who is an individual under this title, and if 2 or more single or joint cases of the debtor were pending within the previous year but were dismissed, other than a case refiled under section 707(b), the stay under subsection (a) shall not go into effect upon the filing of the later case

8. As set forth above, the instant case represents the third bankruptcy filing by the

2

Debtor in a period of less than one year wherein two prior filings were pending and dismissed. Accordingly, the automatic stay is not in effect in the instant bankruptcy case, and the Secured Creditor, pursuant to Bankruptcy Code Sections 362(c)(4)(A)(ii) and 362(j), requests that this Court enter an Order confirming same.

9. A copy of a proposed order granting the relief sought by the Secured Creditor is annexed hereto as **Exhibit "D."**

10. No prior application has been made for the relief requested herein.

**WHEREFORE**, the Secured Creditor, respectfully requests that an Order be entered declaring that the automatic stay has not gone into effect in the instant bankruptcy case, together with such other, further, and different relief as the Court may deem just in this matter.

DATED: 5/19/2011
Amherst, New York

By: _____
David Haefner, Esq.
Steven J. Baum, P.C.
Attorney for Secured Creditor
Wells Fargo Bank, NA
220 Northpointe Parkway, Suite G
Amherst, NY 14228
Telephone (716) 204-2400

3